FORM TO BE USED IN FILING COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C.
1983

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
_____Asheville_____ DIVISION

FILED
ASHEVILLE, N.C.
JAN 12 2010
U.S. DISTRICT COURT
W. DIST. OF N.C.

Robert Keith White, II (0497455)

P.O. Box 2405

Marion, NC 28752
(Enter the full name and address of the plaintiff or plaintiffs)

vs.

Case No. 1:10cv14 (Leave this space blank)

Van Duncan; Ron Wright; John Guacci; Adam

Bartlett; Justin Pridgen; Stewart Higgins; Todd Schupp; Aaron Zawn

20 Davidson Drive (BCDF) Asheville NC 28801
Enter the full name and address of the defendant or defendants.)

I. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action: Yes _____ No __✓__

If your answer is "Yes", describe each such lawsuit in the space below ( or on additional sheets if necessary):

Who was/were the plaintiff(s) in the previous lawsuit(s)?

_____

Who was/were the defendant(s) in the previous lawsuit?

_____

In what court was the suit brought? (If in federal court, name the district; if in state court, name the county)

_____

Date the lawsuit was filed: _____

Docket number assigned (if known): _____

How did the lawsuit end? (For example, was it dismissed? Was it tried? Was it appealed? Is it still pending?)

II. Place of present confinement: N.C. Doc, Marion Correctional Institution (MCI) P.O. Box 2405 Marion, NC, 28752

(Give name and address of place of confinement.)

III. Give name and address of person to contact should your address change: Robert X. White, Sr., 9-D Granada Street Asheville, NC 28806

IV. Parties:

(In item A below place your name and address first. List the names, Registration/ID number and addresses of any other plaintiffs.)

Name of Plaintiff: Robert X. White, II
Present mailing address: P.O. Box 2405
Name of additional Plaintiff: Marion, NC 28752
Present mailing address:

2-

(In item B below place the full name of the defendant, his official position and his place of employment in the first blank. List the names, official positions and places of employment of any other defendants in the remaining space.)

B. Name of first defendant: Van Duncan
Present mailing address: 20 Davidson Drive (BCDF)
Asheville, NC 28801
Is Employed As Sheriff at Buncombe County Sheriff Dept.
(Position and Title, if any)   (Organization)

Name of second defendant: Present mailing address: Aaron Michael Paul
20 Davidson Drive (BCDF)
Asheville, NC 28801
Is Employed As Deputy / Guard at Buncombe County Detention Facility
(Position and Title, if any)   (Organization)

Name of third defendant: Present mailing address: Ron Wright
20 Davidson Drive (BCDF)
Asheville, NC 28801
Is Employed As Deputy / Guard at Buncombe County Detention Facility
(Position and Title, if any)   (Organization)

Name of fourth defendant: Present mailing address: Adam Bartlett
20 Davidson Drive (BCDF)
Asheville, NC 28801
Is Employed As Deputy / Guard at Buncombe County Detention Facility
(Position and Title, if any)   (Organization)

Name of fifth defendant: Present mailing address: John Gwucci
20 Davidson Drive (BCDF)
Asheville, NC 28801
Is Employed As Guard / Deputy at Buncombe County Detention Facility
(Position and Title, if any)   (Organization)

(Insert an additional page, if necessary, listing the same information on any additional defendants.)

V. Statement of claim

State here BRIEFLY the FACTS of your case. Tell what each defendant did. Also, include dates, places and the names of other persons involved. If you intend to allege a number of related claims, number and set forth each claim in a SEPARATE PARAGRAPH. Use as much space as you need. Attach extra sheets if necessary.

3

Additional defendants

Name of sixth                          Justin Pridgen
defendant: Present                     20 Davidson Drive (BCDF)
Mailing Address:                       Asheville, NC 28801

Is Employed As: Gaurd/Deputy           At: Buncombe County Detention facility


Name of Seventh                        Stewart Higgins
defendant: Present                     20 Davidson Drive (BCDF)
Mailing Address                        Asheville, NC 28801

is employed as: Gaurd/Deputy           At: Buncombe County Detention facility


Name of Eighth Defendant:              Todd Schupp
Present Mailing                        20 Davidson Drive (BCDF)
Address:                               Asheville, NC 28801

is Employed As: Gaurd/Deputy:          At: Buncombe County Detention facility

4

The following incidents occurred inside of the Buncombe County Detention Facility in April of 2009 while plaintiff, Robert K White, II was being held as a pretrial detainee.

— See Attached Pages —

VI. Relief

State BRIEFLY exactly what you want the court to do for you.

Signed this __8th__ day of __January__, 20__10__.

_Robert K. White, II_

(Signature of plaintiff or plaintiffs.) All who are plaintiffs must sign.

VERIFICATION:

I (We) declare UNDER PENALTY OF PERJURY that the foregoing statements are true and correct to the best of my (our) knowledge, except as to those matters that are states in it on information and belief, and as to those matter I (We) believe them to be true.

_1/8/10_   _Robert K. White, II_

(Signature of plaintiff or plaintiffs)

5

# Statement of Claim (cont'd)

Plaintiff is a Pro Se litigant whose pleadings when construed should be held to less stringent standards than that of an attorney.

1) On April 25, 2007, I was being held in a holding cell of the Booking area of Buncombe County Detention Facility as a "Pre-trial Detainee", asleep, when I was awoken by a banging on the cell door. When I looked up, I saw Sgt. Aaron Zaval's face in the cell door's window, as he was unlocking the cell door, he instructed me to get up.

2) I sat up and proceeded to put on my shoes and was told by Sgt. Zaval that I would not need them. I put them on anyway, as the floor was covered in urine, feces and other unidentifiable substances, not mine.

3) When I rose from the floor, I noticed several officers standing outside of the cell door. I can positively identify these officers as: Ron Wright; Todd Schupp; Stewart Higgins; John Guacci; Adam Bartlett and Justin Pridgen.

4) Sgt. Zaval held pointed directly at me what is commonly known as a "Tazer" Stungun. When I stood, I immediately faced the back wall of the cell (the cam left) and put my hands behind my back
Case 1:10-cv-00014-GCM Document 1 Filed 01/14/10 Page 6 of 18

6

in Readiness to be handcuffed.

5) Sgt. Zaval then gave me an order to exit the cell without being Restrained which in my situation was strictly against policy. I asked where I was to be taken and was informed that I was to be finger printed (for charges stemming from an earlier incident in which I had already been finger printed).

6) I informed Sgt. Zaval that I had already been fingerprinted for this matter and that per policy I was to be moved only in full Restraints.

7) At this time officers Stewart Higgins and Ron Wright entered the cell and stood directly behind me, while the other previously mentioned officers entered and stood around the door.

8) For the next several minutes Sgt. Zaval and I went Back and forth about whether I was Refusing to be fingerprinted (to which I denied Refusal) and whether I would leave the cell unrestrained (to which I steadfastly Refused for fear of a situation occuring in which I could be charged criminally again). At this point Sgt. Zaval nodded his head as if in signal, and OFC. Wright grabbed my Right arm and OFC. Higgins my left and held them outstretched.

9) Sgt. Zaval then shot me with the "tazer" Stungun. Except for the officers holding me upright, I would have fallen, having no control over my body. When Sgt. Zaval stopped administering the shock the Rest of the previously Mentioned officers (Budgoin, Guagini, Bartlett, and Jackson) began to punch

and kick me in the head, face, testicles, back, side, upper legs and buttocks.

10) I attempted to endure the punishment as long as possible by keeping my head lowered and not trying to break loose or do anything that could be construed as aggressive, but after what seemed to me like several minutes of this beating the pain became unbearable and I believed that if I fell to the floor and still showed no signs of aggression, they would stop.

11) I was allowed to fall to the floor but no relief was to be had. I was being kicked repeatedly by all of the previously mentioned officers, while Sgt. Zavar stood to the side and observed. I was kicked in the head, lower back, buttocks, ribs and stomped on. Before I was able to cover my face I was kicked directly in the right eye and lost consciousness for a period of time.

12) I was brought back to consciousness by a hard kick to the right side of my nose, which crushed the bone inward. My nose began to gush blood profusely. I was still unable to see clearly from my right eye. I attempted to rise, scared that if I remained in so prone a position that I would be rendered unconscious again or killed, lying with my face next to a hole in the floor used for a toilet.

13) I was allowed to rise, where I was again grabbed by each arm

8

and the beating resumed. I was also being subjected to slurs by some of the officers, in what I believe was an attempt to goad me into fighting back, but I feared that for me to do so would only give them a reason to beat me to death and have justification. This went on for what I can only calculate as several more minutes.

14) I was finally let go and allowed to fall to the floor without being assaulted further. The jumpsuit, thermal shirt, T shirt, and boxer shorts I was wearing were ripped off of my person. The handcuffs were then placed on my wrists, extremely tight.

15) OFC. Stewart Higgins then grabbed the cuffs by the middle chain and pulled them back over my head so that it seemed my shoulders would come out of joint. I was dragged in this manner out of the holding cell, into the hallway, about ten or fifteen feet to the side of the booking area desk where I was left to lay in a puddle of my own blood.

16) I next remember coming to and realizing that there was a heavy pressure on my left foot and ankle. I looked back and saw that OFC. Stewart Higgins was standing with his full weight on my left foot and ankle. Before I could say anything OFC. Todd Schupp, who was standing on my left holding a "Tazer" stungun, deployed the "Tazer" into my lower back and held the charge for several seconds while I screamed. My closest estimate would be ten seconds.

9

17) I was then lifted by the chain that connects the handcuffs and shoved into a restraint chair, causing the cuffs to ratchet tighter on my wrists. This not only left scars but also caused nerve damage in my wrists for which I was later prescribed several medications (in the N.C.D.O.C. Safekeeping Program - Central Prison Raleigh, NC). I was then placed in shackles and strapped into the restraint chair, naked, bleeding and fading into and out of consciousness for several hours before receiving even nominal medical attention (apprx 6 hrs before a nurse was allowed to clean blood from face).

18) I was placed in the restraint chair at apprx 4:15 am and left for apprx 8 hours (until apprx 12:00 pm) April 26, 2007. I didn't see any medical personnel until about 10:00 am when a nurse I knew only by first name "Nurse Barbara", asked me if I was alright. When I shook my head 'no'. She then requested of the new shift sargeant to remove me from the restraint chair. She was told no, that I was to be kept in the restraint chair until the Captain (Jason Honeycutt) came in. After then informing the sargeant (whose name I don't know) of my request and need of medical attention she was given permission to clean some of the blood from my face with wet paper towels.

19) Shortly thereafter Lt. Commander Hammond came in and ordered me removed from the restraint chair. I was then placed in a holding cell given a pack out lunch (sandwich and milk) for the last 4 meals I'd missed (the previous days second and last meal and that days first and second meal) and informed that I'd be taken to the hospital. This was after normal time for second meal (10:30 AM 11:30 AM) I was denied sufficient medical for 9 hrs. apprx.

10

20) At the Hospital I was given X Rays and Cat Scans. It was found that besides the numerous contusions, bruises, abrasions, lacerations and swollen areas on my face, head and torso, I also had a broken nose, crushed on the right side and a severly injured right eye for which it was recommended that I see an eye specialist.

21) Upon return to the Jail I was placed in a cell in the intake section of the jail, where the light was left on all day and all night or turned off all day and all night for days at a time. For the first week or so, I was allowed no access to a telephone or letter writing material. When I was given access to writing material I immediately wrote a three page grievance to which I never recieved a response to. Next, I wrote several letters to my father Robert K. White, Sr. and step mother, Lucia V. Daugherty to which I recieved no response. After several weeks, I finally recieved a letter from my father, in which he stated he'd heard about the situation through a friend of my brothers and informed me that he'd sent several letters previously (none of which I'd recieved a response to) But he finally recieved one from me.

22) I wrote another letter to him and enclosed a copy of the (3) page grievance. He went to the Sheriff's office and spoke to Van Duncan. The grievance was still never responded to.

11.

23) Apprx. one month later I was moved to North Carolina Department of Corrections in Raleigh, North Carolina and placed into their "Safe keeping" program there, where I remained in segregation without a hearing for apprx. one month before I was returned to Buncombe Destention Facility.

## DEPRIVATIONS
## RELATED CLAIMS

1) During this incident Plaintiff's Rights were violated under the First, Eighth and Fourteenth Amendments of the United States Constitution. By subjecting Plaintiff to an unprovoked beating at the hands of Sgt. Aaron Michael Zavai and CFC's. Stewart Higgins, Ron Wright, Todd Schupp, Adam Bartlett, John Guacci and Justin Pridgen, constituting excessive use of force, a violation of the 8th and Fourteenth Amendments of the United States Constitution. Denial of immediate medical attention for Plaintiff's serious medical needs showing deliberate indifference, a violation of the 8th and 14th Amendments of the United States Constitution. Subjecting Plaintiff to 8 hours in a restraint chair while suffering from injuries that required immediate medical attention and denying or delaying access to medical treatment, constituted Cruel and unusual punishment, a violation of Plaintiff's Rights under the 8th and 14th Amendment of the United States Constitution.

2) This incident occurring while Plaintiff was a "pre-trial Detainee" constituting a violation of the Due process Clause of the 14th Amendment of the United States Constitution.

3) The Refusal to Respond to or process a filed Grievance and withholding Plaintiff's Mail, denying him use of Mail and Telephone privileges, constituted a violation of the 1st Amendment of the United States Constitution. A denial of access to the outside world and Redress of Grievances.

## Related Claims, Cont.

4) Since this incident occured I have become frightened and anxious in the presence of law enforcment officials specifically employees of Buncombe County Sheriff's Department.

5) I have experienced repeat nightmares of the employees of Buncombe County Dentention Facility beating me.

6) For months after the incident, I was singled out for petty harassment, such as, having my mail withheld for days and sometimes weeks, not being allowed out of cell for any purpose including showers, phone calls to family, family members being told that I was not being held in the facility, when in fact I was, when they came to visit or to inquire about my well-being.

7) Upon information and belief, I was told by several sympathetic staff members (current and former) that this harassment was to agitate and incite me into an aggressive show so that they "could finish what they started" or "at least be sure I'd never get out of prison".

# Legal Claims

Plaintiff alleges and incorporates by reference paragraphs 1-23.

1) Defendants, Sheriff Van Duncan, Sgt. Aaron Zaval, OFCs. Ron Wright, John Guacci, Justin Pridgen, Adam Bartlett and Todd Schupp and Stewart Higgins Beating and use of excessive force while Plaintiff Robert K. White, II was a "pre-trial" Detainee, Violated the Plaintiff's Rights and constituted Cruel and unusual punishment under the 8th Amendment of the United States Constitution and also violated the Due process Clause of the 14th Amendment of the United States Constitution.

2) The Defendants' Deliberate indifference to Plaintiff's Serious Medical needs By Denying plaintiff immediate Medical attention Violated the Plaintiff's Rights and Constituted Cruel and unusual punishment under the 8th Amendment of the United States Constitution and also violated Plaintiff's Rights under the due process Clause of the 14th Amendment of the United States Constitution.

3) Defendants' Subjecting Plaintiff to a length of apprx. 8 Hours in a Restraint Chair while Plaintiff was suffering injuries that

required immediate Medical attention. Defendants' intentional Denying or Delaying of immediate Medical treatment violated plaintiff's Rights and Constituted Cruel and unusual punishment under the 8th amendment of the United States Constitution and also violated the Plaintiff's Rights under the Due process Clause of the United States Constitution

4) Defendants violated Plaintiff's Rights under the 1st amendment of the United States Constitution of "Redress of Grievances" and "Denial of Communication with the outside world", By Depriving Plaintiff's use of Mail and phone privelages.

5) Defendants Further violated Plaintiff's Rights under the Due process Clause of the 14th amendment of the United States Constitution ( Citing Bell V. Wolfish, 441 U.S. 520, 535 N. 16, 99 S. Ct. 1861, 1872 N. 16 L. ED. 2d 447, 466 N. 16 (1979). (Pretrial Detainees Cannot Be punished at all).

# Prayer for Relief

Wherefore Plaintiff respectfully prays that this Court enters judgement granting Plaintiff:

1) A declaration that the acts and Omissions described herein violated Plaintiff's Rights under the Constitution and laws of the United States.

2) Compensatory damages in the amount of $5,000,000.00 against each defendant, Jointly and Severally.

3) Punitive damages in the amount of $1,000,000.00 against each defendant.

4) A jury trial on all issues.

5) Continual Medical treatment for all injuries in this unprovoked assault including but not limited to all physical and psychological trauma, for the rest of Plaintiff's life.

6) Plaintiff's Cost in this Suit and entire Cost of procedure be taxed to defendants.

7) Any additional Relief this Court deems just, proper and equitable.

17

Date 1/8/10

x *[signature: Robert X. White, II]*
Respectfully Submitted